IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-733-FL

| | |
|---|---|
| MONICA ALEXANDER,<br>*In Care of J.A.*, | )<br>)<br>) |
| Plaintiff, | )     **ORDER and** |
| | )     **MEMORANDUM AND** |
| v. | )     **RECOMMENDATION** |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Monica Alexander on behalf of J.A. ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* D.E. dated 9 Nov. 2012). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis* and recommend that this case be dismissed for lack of subject matter jurisdiction.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated the inability to prepay the required court costs. The motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.    Background**

Plaintiff's complaint consists of a four-page form (D.E. 1-1) completed in handwriting and names as the defendant "Social Security Administration." (Compl. 1). Plaintiff asserts that her son's disability benefits, which were awarded to him in 2011, should have been awarded to

him starting in 2004. (*Id*. 3). She contends that the 2011 award was based on "the same things that was going on when [she] filed in 2004." (*Id*.). Plaintiff also requests "an extension to give [her] lawyer time to get this case together," but also states that the lawyer is not currently representing her at this time. (*Id*. 2).

**II.    Discussion**

    **A.    Legal Standards Applicable to Frivolity Review of Complaint**

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

B.  **Review of Plaintiff's Complaint**

Plaintiff alleges that she previously applied for Social Security benefits for her son, J.A., in 2004 and that the application was denied. However, she has not alleged that she sought administrative review of the 2004 denial. This apparent absence of prior administrative action on J.A.'s claim for disability is fatal to it. The Social Security Act provides for judicial review only after a final decision by the Commissioner of Social Security:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A claim for benefits brought without exhaustion of administrative remedies is subject to dismissal for lack of subject matter jurisdiction. *See, e.g., Cano v. Cmm'r of Soc. Sec.*, No. 8:10-2400, 2010 WL 4774775, at *1 (D.S.C. 16 Nov. 2010), *adopting*, 2010 WL 4780056, at *2-3 (D.S.C. 21 Sept. 2010) (report and recommendation for dismissal of plaintiff's claim for failure to exhaust administrative remedies before the Commissioner of Social Security). This case should accordingly be dismissed.

C.  **Plaintiff's Request of Extension of Time**

As noted above, plaintiff included in the complaint a request for extension of time to allow her lawyer, whom she has not yet retained, to prepare the case. However, because it will be recommended that this case be dismissed, it will be further recommend that the request for extension, which the court will construe as a motion, be denied as moot.

**III.  Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that

1. This action be DISMISSED; and

2. The motion for extension of time included in the proposed complaint be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 30 November 2012, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 16th day of November 2012.

James E. Gates
United States Magistrate Judge