IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-733-FL

| | |
|---|---|
| MONICA ALEXANDER, in care of J.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on frivolity review, which was conducted by United States Magistrate Judge James E. Gates, who entered a memorandum and recommendation ("M&R") on November 16, 2012, recommending that plaintiff's complaint be dismissed as frivolous (DE 3). Plaintiff objected to M&R on November 29, 2012. For the following reasons, plaintiff's objection is overruled.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's *pro se* complaint, filed initially on November 8, 2012, as an attachment to motion to proceed *in forma pauperis*, seeks to have her son's social security benefits supplemented dating back to 2004. Plaintiff's son was awarded benefits in 2011, but plaintiff asserts that her son had the same conditions when plaintiff filed for his benefits in 2004. Plaintiff's objection, liberally construed, further seeks equitable tolling of the time to appeal the findings of the Administrative Law Judge for relief in federal court. Plaintiff contends that she received a letter in August 2011, notifying her that she had sixty (60) days to go forward with a case in federal court. Plaintiff admits that time expired before she could obtain a lawyer. Plaintiff's complaint further asserts that she was moving to a better neighborhood and she lost her grandmother at some unspecified time.

Pursuant to statute, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Supreme Court has recognized that section 405(g) is not jurisdictional, but acts as a statute of limitations that may be tolled under the appropriate circumstances. Bowen v. City of New York, 476 U.S. 467, 480-82 (1986). In keeping with Bowen, the Fourth Circuit has recognized that "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.' Although the Secretary usually retains authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" Hyatt v. Heckler, 807 F.2d 376, 380 (4th Cir. 1986) (quoting Bowen, 476 U.S. at

2

480). In deciding when to toll the 60 (sixty) day requirement in section 405(g), courts have considered: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence; (4) prejudice to defendant; and (5) reasonableness in continuing ignorance of the legal requirement to file a claim. Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007).

In this case, plaintiff admits that she knew of the filing requirement since receipt of notice in August 2011. Therefore, she had both actual and constructive knowledge of the 60 (sixty) day deadline to file. Plaintiff explains that she needed time to obtain a lawyer due to her move and loss of her grandmother. While these circumstances are regrettable, plaintiff fails to allege how they caused a delay of approximately fifteen months between receipt of notice and filing motion to proceed *in forma pauperis* before this court. Therefore, the court finds that plaintiff has not diligently pursued her claim. The equities do not weigh in favor of tolling of the sixty (60) day time period in this case. See Hyatt, 807 F.2d at 380.

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendations of the magistrate judge, and DISMISSES plaintiff's complaint as frivolous. The clerk is directed to close this case.

SO ORDERED, this the 29th day of July, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge